UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

CRISTOBAL MILLAN,
and other similarly situated individuals,

     Plaintiff (s),

v.

R & L CARRIERS SHARED
SERVICES, L.L.C.
ALEJANDRO G. PARDIEZ,
individually,

     Defendant,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff CRISTOBAL MILLAN, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant R & L CARRIERS SHARED SERVICES, L.L.C., and ALEJANDRO G. PARDIEZ, individually, and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid half-time overtime wages and retaliation under the laws of the United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

3. Plaintiff CRISTOBAL MILLAN (hereinafter CRISTOBAL MILLAN, or Plaintiff) is a resident of Broward County, Florida. Plaintiff is a covered employee for purposes of the Act.

4. Corporate Defendant R & L CARRIERS SHARED SERVICES, L.L.C. (hereinafter R & L CARRIERS, or Defendant) is a foreign for-profit corporation authorized to conduct business in the State of Florida. Defendant has a local place of business at 1000 NW 209th Avenue, Pembroke Pines, Florida 33029, within the jurisdiction of this Court. Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. Defendant R & L CARRIERS is engaged in interstate commerce within the meaning of the Fair Labor Standards Act.

5. The individual Defendant ALEJANDRO G. PARDIEZ is a co-worker of Plaintiff and an employee of R & L CARRIERS. Individual Defendant ALEJANDRO G. PARDIEZ resides in Broward County, Florida, and is otherwise sui juris. Defendant ALEJANDRO G. PARDIEZ is named in this Complaint only in reference to the Assault and Battery Counts.

6. All the actions raised in this Complaint took place in Broward County, Florida, within the jurisdiction of this Honorable Court.

<u>General Allegations</u>

7. This cause of action is brought by Plaintiff as a collective action to recover from Defendant half-time overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), and on behalf of Plaintiff

and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked during one or more weeks on or after October 2019 (the "material time") without being properly compensated for overtime hours at the rate of time-and-a-half their regular rate, for all hours worked in excess of forty (40) hours per week, at any time from three years prior to the filing of this Complaint and until a judgment is entered in this case.

8. Corporate Defendant R & L CARRIERS is a freight shipping company providing complete logistic services, including air freight, ocean shipments, warehousing, and transportation services.

9. Defendant R & L CARRIERS employed Plaintiff CRISTOBAL MILLAN from approximately May 19, 2018, to May 27, 2022, or more than four years. However, for FLSA purposes, the relevant employment period is 138 weeks (from October 05, 2019, to his last day of employment on or about May 27, 2022).

10. Plaintiff's last wage rate was $32.30 an hour. Plaintiff's overtime rate should be $48.45 an hour.

11. Plaintiff was hired to work at R & L CARRIERS' service center located at 1000 NW 209th Avenue, Pembroke Pines, Florida 33029.

12. Plaintiff was a full-time, non-exempted, hourly employee, working five days per week, more than 40 hours weekly.

13. Plaintiff was classified as a Mechanic Tractor Shop Class AX. However, Plaintiff had duties as maintenance and serviceman, whose activities did not directly affect the safety of operation of motor vehicles in transportation on the public highways in interstate or foreign commerce.

14. Plaintiff's work was confined to non-safety activities and included preventive maintenance such as checking batteries, filling radiators, checking, replacing, and filling oil, gas, and grease, replacing filters, washing motors, etc.

15. Plaintiff performed these activities on vehicles weighing more than 10,000 # and vehicles weighing less than 10,000 #  during the same week.

16. Consequently, Plaintiff was covered under the Small Vehicle Exemption of the Motor Carrier Act, and he was entitled to be paid for overtime hours as established by the Fair Labor Standards Act.

17. Moreover, Plaintiff had additional duties as a yard employee performing non-discretionary work as a porter and watchman for the warehouse and as a janitor and cleaning employee. Plaintiff's duties included cleaning the shop, bathrooms, and cafeteria.

18. During his relevant time of employment, Plaintiff worked five days per week, a regular schedule. Plaintiff worked from Monday to Friday, the third shift, from 4:00 PM to 3:30 AM (11.5 hours daily). Plaintiff completed 57.5 working hours weekly. Plaintiff was unable to take bonafide lunchtime.

19. Plaintiff was paid weekly for an average of 50 hours at his regular rate. The remaining 7.5 overtime hours were not paid at any rate, not even at the minimum wage rate as required by law.

20. Plaintiff clocked in and out, and Defendant could track the number of hours worked by Plaintiff and other similarly-situated individuals. Defendant knew about the number of hours worked by Plaintiff and other similarly situated individuals.

21. Therefore, Defendant willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

22. Plaintiff was paid weekly by direct deposits and paystubs that did not show the actual number of hours worked during the week.

23. Plaintiff never agreed with the number of hours and the rate paid to him. Plaintiff and some co-workers complained to their superiors multiple times.

24. On or about May 19, 2022, Plaintiff complained to supervisor Dale (LNU), GM Jack Hernandez, and Operation Manager Gino (LNU) for the last time. Plaintiff complained about incorrect payment for overtime hours.

25. Unfortunately, on or about  May 26, 2022, there was an incident in which a co-worker, recently promoted to supervisor, committed assault and battery on Plaintiff. Plaintiff called the police

26. The next day, May 27, 2022, Plaintiff reported to work, but General Manager Jack Hernandez told Plaintiff to go home because he was suspended. Plaintiff obeyed and left the premises calmly. A short time later, GM Jack Hernandez called Plaintiff on his phone and informed him that he was fired.

27. On or about May 27, 2022, Defendant unfairly terminated Plaintiff. Plaintiff alleges that Defendant used the incident as a pretext to fire him. The real reason for his termination was his continuous complaints about unpaid overtime hours and Age discrimination. Plaintiff is in the process of filing his Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

28. Plaintiff is not in possession of time records, but he will provide a good faith estimate of the unpaid overtime hours based on a few paystubs which are in his possession. After proper discovery, Plaintiff will amend his Statement of Claim properly

29. Plaintiff CRISTOBAL MILLAN intends to recover overtime wages for every hour worked over 40 in a week, retaliatory damages, liquidated damages, and any other relief as allowable by law.

30. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid regular or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

31. In this Complaint, Plaintiff also brings a cause of action for Assault and Battery against the individual Defendant ALEJANDRO G. PARDIEZ and Battery and Negligent Retention against R & L CARRIERS.

<u>Collective Action Allegations</u>

32. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

33. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

34. This action is intended to include every heating and air mechanic, serviceman, warehouse employee, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a) (1) FAILURE TO PAY OVERTIME

35. Plaintiff CRISTOBAL MILLAN re-adopts every factual allegation as stated in paragraphs 1-30 and 32-34 above as if set out in full herein.

36. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

37. The Employer R & L CARRIERS, at all times pertinent to this Complaint, was engaged in interstate commerce within the meaning of the FLSA and as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant is a transportation company and, through its business activity, participates in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods or services for commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

38. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff's work for Defendant likewise affects interstate commerce. Plaintiff was a mechanic maintenance employee, and through his daily activities, he regularly handled or otherwise worked on goods and/or materials that had been moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

39. Defendant R & L CARRIERS employed Plaintiff CRISTOBAL MILLAN from approximately May 19, 2018, to May 27, 2022, or more than four years. However, for FLSA purposes, the relevant employment period is 138 weeks (from October 05, 2019, to his last day of employment on or about May 27, 2022).

40. Plaintiff's last wage rate was $32.30 an hour. Plaintiff's overtime rate should be $48.45 an hour.

41. Plaintiff was hired to work at R & L CARRIERS' service center located at 1000 NW 209th Avenue, Pembroke Pines, Florida 33029.

42. Plaintiff was a full-time, non-exempted, hourly employee, working five days per week, more than 40 hours weekly.

43. Plaintiff was classified as a Mechanic Tractor Shop Class AX. However, Plaintiff had duties as maintenance and serviceman, whose activities did not directly affect the safety of operation of motor vehicles in transportation on the public highways in interstate or foreign commerce.

44. Plaintiff's work was confined to non-safety activities and included preventive maintenance such as checking batteries, filling radiators, checking and replacing filling oil, gas, grease, replacing filters, washing motors, etc.

45. Plaintiff performed these activities on vehicles weighing more than 10,000 # and vehicles weighing less than 10,000 # during the same week.

46. Consequently, Plaintiff was covered under the Small Vehicle Exemption of the Motor Carrier Act, and he was entitled to be paid for overtime hours as established by the Fair Labor Standards Act.

47. Moreover, Plaintiff had additional duties as a yard employee performing non-discretionary work as a porter and watchman for the warehouse and as a janitor and cleaning employee. Plaintiff's duties included cleaning the shop, bathrooms, and cafeteria.

48. During his relevant time of employment, Plaintiff worked five days per week, from Monday to Friday, the second shift, from 4:00 PM to 3:30 AM (11.5 hours daily). Plaintiff completed 57.5 working hours weekly. Plaintiff was unable to take bonafide lunchtime.

49. Plaintiff was paid weekly for an average of 50 hours at his regular rate. The remaining 7.5 overtime hours were not paid at any rate, not even at the minimum wage rate as required by law.

50. Plaintiff clocked in and out, and Defendant could track the number of hours worked by Plaintiff and other similarly-situated individuals. Defendant knew about the number of hours worked by Plaintiff and other similarly situated individuals.

51. Therefore, Defendant willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

52. Plaintiff was paid weekly by direct deposits and paystubs that did not show the actual number of hours worked during the week.

53. The records concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees should be in the possession and custody of Defendant.  However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees; upon information and belief.

54. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

55. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments as required by the Fair Labor Standards Act. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

56. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

* Please note that this amount is based on a preliminary calculation and that these figures are subjected to modifications as discovery could dictate. Plaintiff has taken as a base an average of 50 hours paid at his regular rate. After discovery, Plaintiff will amend his statement of claim accordingly.

a. <u>Total amount of alleged unpaid wages</u>:

Seventy-Two Thousand Four Hundred Thirty-Three Dollars and 44/100 ($72,433.44)

b. <u>Calculation of such wages</u>:

     Total weeks of employment: more than four years
     Total relevant week of employment:  138 weeks
     Total of hours worked: 57.5 hours weekly
Total Overtime hours: 17.5 O/T hours weekly
Regular rate:  $32.30 an hour x 1.5=$48.45 O/T rate

O/T rate $48.45 an hour - $32.30 O/T rate paid= $16.15 half-time difference

Half-time: $16.15 an O/T hour

i. Half-time overtime for 10 hours paid at the $32.30 regular rate

$16.15 x 10 O/T hours=$161.50 weekly x 138 weeks=$22,287.00

ii. Overtime for 7.5 O/T hours paid at $0.00

O/T $48.45 x 7.5 O/T hours=$363.38 weekly x 138 weeks=$50,146.44

Total i and ii : $72,433.44

c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents the unpaid overtime compensation [1]

57. At all times, material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to pay them at the rate of time properly and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

58. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

59. Defendant R & L CARRIERS willfully and intentionally refused to pay Plaintiff overtime wages at the time and one-half his regular rate, as required by the law of the

---

[1] At this time, Plaintiff have limited time and payment records. Accordingly, Plaintiff estimates his damages and reserve the right to amend the calculations.

United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

60. Plaintiff CRISTOBAL MILLAN  has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff CRISTOBAL MILLAN and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff CRISTOBAL MILLAN and other similarly situated individuals and against Defendant R & L CARRIERS  based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff CRISTOBAL MILLAN actual damages, in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff CRISTOBAL MILLAN and those similarly situated demand a trial by a jury of all issues triable as a right by a jury.

## <u>COUNT II:</u>
## <u>FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;</u>
## <u>PURSUANT TO 29 USC 215(a)(3)</u>

61. Plaintiff CRISTOBAL MILLAN re-adopts every factual allegation stated in paragraphs 1-30 and 32-34 of this Complaint as if set out in full herein.

62. The Employer R & L CARRIERS, at all times pertinent to this Complaint, was engaged in interstate commerce within the meaning of the FLSA and as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

63. By virtue of working in interstate commerce, Plaintiff and those similarly situated otherwise satisfy the Act's requirements. Therefore, there is FLSA enterprise coverage.

64. Defendant R & L CARRIERS' business activities involve those to which the Fair Labor Standards Act applies.

65. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

66. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

67. Defendant R & L CARRIERS employed Plaintiff CRISTOBAL MILLAN from approximately May 19, 2018, to May 27, 2022, or more than four years. However, for FLSA purposes, the relevant employment period is 138 weeks (from October 05, 2019, to his last day of employment on or about May 27, 2022).

68. Plaintiff's last wage rate was $32.30 an hour. Plaintiff's overtime rate should be $48.45 an hour.

69. Plaintiff had duties as a mechanic performing preventive maintenance.

70. Plaintiff was a full-time, non-exempted, hourly employee, working five days per week, more than 40 hours weekly.

71. Plaintiff performed these activities on vehicles weighing more than 10,000 # and vehicles weighing less than 10,000 # during the same week.

72. Consequently, Plaintiff was covered under the Small Vehicle Exemption of the Motor Carrier Act, and he was entitled to be paid for overtime hours as established by the Fair Labor Standards Act.

73. During his relevant time of employment, Plaintiff worked five days per week, a total of 57.5 working hours weekly. Plaintiff was unable to take bonafide lunchtime.

74. Plaintiff was paid weekly for an average of 50 hours at his regular rate. The remaining 7.5 overtime hours were not paid at any rate, not even at the minimum wage rate as required by law.

75. Plaintiff clocked in and out, and Defendant could track the number of hours worked by Plaintiff and other similarly-situated individuals. Defendant knew about the number of hours worked by Plaintiff and other similarly situated individuals.

76. Therefore, Defendant willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

77. Plaintiff was paid weekly by direct deposits and paystubs that did not show the actual number of hours worked during the week.

78. Plaintiff never agreed with the number of hours and the rate paid to him. Plaintiff and some co-workers complained to their superiors multiple times.

79. These complaints constituted protected activity under the FLSA.

80. On or about May 19, 2022, supervisor Dale (LNU), GM Jack Hernandez, and Operation Manager Gino (LNU) met with Plaintiff and congratulated Plaintiff on his 4th anniversary as an employee at the shop. Plaintiff took the opportunity to request a wage rate increase, and he also complained about the incorrect payment for overtime hours. Plaintiff's superiors promised to fix the problem.

81. This complaint constituted protected activity under the FLSA.

82. Unfortunately, on or about  May 26, 2022, there was an incident in which a co-worker, recently promoted to supervisor, committed assault and battery on Plaintiff. Plaintiff called the police. Plaintiff's superiors got very upset about the police report.

83. The next day, May 27, 2022, Plaintiff reported to work, but General Manager Jack Hernandez told Plaintiff to go home because he was suspended. Plaintiff obeyed and left the premises calmly. However, a short time later, GM Jack Hernandez called Plaintiff over the phone to inform him that he was fired.

84. On or about May 27, 2022, Defendant unfairly terminated Plaintiff. Plaintiff alleges that Defendant used the incident as a pretext to fire him. The real reason for his termination was his continuous complaints about unpaid overtime hours and discrimination. Plaintiff is in the process of filing his Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

85. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

86. There is proximity between Plaintiff's protected activity and his termination.

87. The motivating factor which caused Plaintiff's discharge, as described above, was his complaints seeking unpaid overtime wages from Defendant. In other words, Plaintiff would not have been fired but for his complaints about unpaid overtime wages.

88. Defendant's termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

89. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff CRISTOBAL MILLAN respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant R & L CARRIERS  that Plaintiff CRISTOBAL MILLAN recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order Defendant R & L CARRIERS to make Plaintiff whole by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff CRISTOBAL MILLAN further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff CRISTOBAL MILLAN demands a trial by a jury of all issues triable as a right by a jury.

## <u>COUNT III:</u>
## <u>"ASSAULT" AGAINST ALEJANDRO G. PARDIEZ.</u>

90. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-6 of this Complaint as if set out in full herein.

91. This action arises under the laws of the United States.

92. At all times material hereto, Plaintiff CRISTOBAL MILLAN was employed by R & L CARRIERS  as a mechanic/serviceman.

93. At all times material hereto, Defendant ALEJANDRO G. PARDIEZ was employed by R & L CARRIERS  as a mechanic/supervisor.

94. At all times relevant hereto, CRISTOBAL MILLAN  and  ALEJANDRO G. PARDIEZ were both employees of R & L CARRIERS and were co-workers working at the same facility.

95. Plaintiff  CRISTOBAL  MILLAN  began  to  have  problems  with  Defendant ALEJANDRO  G.  PARDIEZ  as  soon  as  Defendant  started  to  work  at  R  &  L CARRIERS' service center, where Plaintiff worked, at the end of 2020.

96. Defendant ALEJANDRO G. PARDIEZ harassed Plaintiff due to his age.

97. Plaintiff reported to his superiors the wrongful conduct of Defendant multiple times. However, the Employer did not take adequate preventive measurements

98. Co-worker ALEJANDRO G. PARDIEZ assaulted Plaintiff in repetitive incidents.

99. Defendant ALEJANDRO G. PARDIEZ made threats of bodily injury directed towards Plaintiff multiple times.

100.    Defendant, ALEJANDRO G. PARDIEZ proceeded to carry out his threats of bodily harm towards Plaintiff CRISTOBAL MILLAN on May 26, 2022.

101.    On May 26, 2022, while Plaintiff was at the workplace, he had an argument with ALEJANDRO G. PARDIEZ. This individual wearing brass knuckles hit Plaintiff in the left ribs causing him trunk-chest injury.

102.    As a consequence of the police report made by Plaintiff, the next day Defendant fired Plaintiff. **See Exhibit "A".**

103.    Said threats, behavior, and aggressive conduct by Defendant directed towards Plaintiff were carried out under such circumstances so as to cause Plaintiff emotional distress and/or create a well-founded fear of imminent peril.

104.    At all times, Plaintiff reasonably believed that Defendant had the ability to carry out the threats of bodily harm directed towards him.

105.    Defendant ALEJANDRO G. PARDIEZ intended to cause and did cause Plaintiff to suffer apprehension of immediate harmful contact.

106.    As a direct and proximate result of Defendant ALEJANDRO G. PARDIEZ' intentional and reckless behavior, as referenced above, Plaintiff CRISTOBAL MILLAN has suffered bodily injury and severe emotional distress. Moreover, Plaintiff was physically and psychologically harmed, humiliated, threatened, and unlawfully terminated.

<u>Prayer For Relief</u>

107.    Wherefore, Plaintiff CRISTOBAL MILLAN respectfully demands judgment against Defendant ALEJANDRO G. PARDIEZ  for damages for past and future lost earnings, compensatory damages, punitive damages, court costs, Attorney's

fees pursuant to Fla. Stat. § 57.105 and for any and all other relief that this Court may deem and proper.

<u>Demand for a Jury Trial</u>

Plaintiff CRISTOBAL MILLAN demands a trial by a jury of all issues triable as a right by a jury.

## COUNT IV:
## BATTERY AGAINST ALEJANDRO G. PARDIEZ

108.    Plaintiff CRISTOBAL MILLAN re-states and re-alleges paragraphs 1–6 and 90–107 as if set forth in full herein.

109.    This action arises under the laws of the United States.

110.    At all times material hereto, Plaintiff CRISTOBAL MILLAN was employed by R & L CARRIERS  as a mechanic/serviceman.

111.    At all times material hereto, Defendant ALEJANDRO G. PARDIEZ was employed by R & L CARRIERS  as a mechanic/supervisor.

112.    At all times relevant hereto, CRISTOBAL MILLAN  and  ALEJANDRO G. PARDIEZ were both employees of R & L CARRIERS and were co-workers working at the same facility.

113.    Plaintiff CRISTOBAL MILLAN began to have problems with Defendant ALEJANDRO G. PARDIEZ as soon as Defendant began to work at R & L CARRIERS' service center, where Plaintiff worked, at the end of 2020.

114.    Defendant ALEJANDRO G. PARDIEZ harassed Plaintiff due to his age.

115.    Plaintiff reported to his superiors the wrongful conduct of Defendant multiple times. However, the Employer did not take adequate preventive measurements

116.    On or about May 26, 2022, co-worker and supervisor ALEJANDRO G. PARDIEZ proceeded to carry out his threats of bodily harm towards Plaintiff CRISTOBAL MILLAN.

117.    On May 26, 2022, while Plaintiff was at the workplace, he argued with ALEJANDRO G. PARDIEZ. This individual wearing brass knuckles hit Plaintiff in the left ribs, causing him a trunk-chest injury.

118.    Defendant ALEJANDRO G. PARDIEZ intended to cause and did cause Plaintiff harmful contact with his person in plain view of security cameras. Plaintiff called the police.

119.    ALEJANDRO G. PARDIEZ deliberately intended to injure Plaintiff. ALEJANDRO G. PARDIEZ engaged in conduct that he knew virtually certain to result in injury or death to Plaintiff.

120.    Plaintiff CRISTOBAL MILLAN did not consent to ALEJANDRO G. PARDIEZ' acts.

121.    As a consequence of the police report made by Plaintiff, the next day Defendant fired Plaintiff. **See Exhibit "A."**

122.    That as a direct and proximate result of Defendant ALEJANDRO G. PARDIEZ' intentional and reckless behavior as referenced above, Plaintiff CRISTOBAL MILLAN has been caused to suffer bodily injury and severe emotional distress. Moreover, Plaintiff was physically and psychologically harmed, humiliated, threatened, and unlawfully terminated.

123.    Defendant ALEJANDRO G. PARDIEZ' acts were done knowingly, willfully, and with malicious intent, and Plaintiff is entitled to punitive damages.

<u>Prayer For Relief</u>

124.    Wherefore, Plaintiff CRISTOBAL MILLAN demands judgment against Defendant ALEJANDRO G. PARDIEZ, for damages, for past and future lost earnings, compensatory damages, punitive damages, court costs, Attorney's fees pursuant to Fla. Stat. § 57.105 and for any other relief that this Court may deem just and proper.

<u>Demand for a Jury Trial</u>

Plaintiff CRISTOBAL MILLAN demands a trial by a jury of all issues triable as a right by a jury.

**COUNT V:**
**BATTERY AGAINST  R & L CARRIERS**

125.    Plaintiff CRISTOBAL MILLAN re-states and re-alleges paragraphs 1-6 and 108-124 as if set forth in full herein.

126.    At all times material hereto, Plaintiff CRISTOBAL MILLAN was employed by R & L CARRIERS  as a mechanic/serviceman.

127.    At all times, Defendant ALEJANDRO G. PARDIEZ was employed by R & L CARRIERS  as a mechanic/supervisor.

128.    At all times relevant hereto, CRISTOBAL MILLAN  and  ALEJANDRO G. PARDIEZ were both employees of R & L CARRIERS and were co-workers working at the same facility.

129.    Defendant, R & L CARRIERS'S employee/agent, ALEJANDRO G. PARDIEZ, while acting within the scope of his employment, intended to cause and did cause Plaintiff CRISTOBAL MILLAN, harmful contact with his person.     Plaintiff CRISTOBAL MILLAN  did not consent to ALEJANDRO G. PARDIEZ' acts.

130.   ALEJANDRO G. PARDIEZ  made threats of bodily injury directed towards Plaintiff CRISTOBAL MILLAN. He intended to cause and did cause Plaintiff to suffer apprehension of immediate harmful contact.

131.   Co-worker ALEJANDRO G. PARDIEZ  committed assault and battery on Plaintiff in repetitive incidents. ALEJANDRO G. PARDIEZ (39 years old) verbally and physically attacked Plaintiff on multiple occasions. ALEJANDRO G. PARDIEZ discriminated against, insulted, and physically restrained Plaintiff CRISTOBAL MILLAN based on his age (62 years).

132.   Plaintiff reported to his superiors the abusive conduct of ALEJANDRO G. PARDIEZ many times. Defendant R & L CARRIERS did not take any adequate preventive measures to stop the violent behavior of his employee ALEJANDRO G. PARDIEZ.

133.   At all times material hereto, Plaintiff CRISTOBAL MILLAN   reasonably believed that co-worker ALEJANDRO G. PARDIEZ had the ability to carry out the threats of bodily harm directed towards him and his family.

134.   Said threats, behavior, and aggressive conduct by ALEJANDRO G. PARDIEZ directed towards Plaintiff were carried out under such circumstances to cause Plaintiff emotional distress and/or create a well-founded fear of imminent peril.

135.   On or about May 26, 2022, ALEJANDRO G. PARDIEZ proceeded to carry out his threats of bodily harm toward Plaintiff.

136.   While Plaintiff was at the workplace, he had an argument with ALEJANDRO G. PARDIEZ. This individual, with a closed fist and wearing brass knuckles, hit Plaintiff

in the left ribs, causing him a trunk-chest injury. Other workers intervened to stop the attack.

137.    Defendant ALEJANDRO G. PARDIEZ intended to cause and did cause Plaintiff harmful contact with his person in plain view of security cameras**.**

138.    In fear for his life, Plaintiff called 911. General Manager Jack Hernandez and Supervisor Anthony Tejada reprimanded Plaintiff because of his call.

139.    When the police arrived, Plaintiff was not allowed to give his statement about the incident. So first,  Supervisor Anthony Tejada and GM Jack Hernandez talked to the police.

140.    Defendant R & L CARRIERS  is jointly liable for the damages caused by its employee ALEJANDRO G. PARDIEZ for Defendant's failure to address or otherwise prevent ALEJANDRO G. PARDIEZ from threatening or carrying out his threats of harm towards Plaintiff.

141.    Defendant R & L CARRIERS  is subject to vicarious liability because the attack on Plaintiff CRISTOBAL MILLAN  happened during and within the course and scope of his employment with Defendant R & L CARRIERS

142.    That as a direct and proximate result of Defendant R & L CARRIERS  intentional and reckless behavior as referenced above, Plaintiff CRISTOBAL MILLAN has been caused to suffer bodily injury and severe emotional distress. Moreover, Plaintiff was physically and psychologically harmed, humiliated, threatened, and unlawfully terminated.

143.    Defendant R & L CARRIERS' acts were done knowingly, willfully, and with malicious intent, and Plaintiff is entitled to punitive damages.

Prayer For Relief

144.     Wherefore, Plaintiff CRISTOBAL MILLAN   demands judgment against Defendant R & L CARRIERS   for damages, past and future lost earnings, compensatory damages, punitive damages, court costs, Attorney's fees pursuant to Fla. Stat. § 57.105 and for any and all other relief that this Court may deem and proper.

Demand for a Jury Trial

Plaintiff CRISTOBAL MILLAN demands a trial by a jury of all issues triable as a right by a jury.

**COUNT VI:**
**NEGLIGENT RETENTION AGAINST R & L CARRIERS**

145.     Plaintiff re-adopts every factual allegation as stated in paragraphs 1-6 and 108-143 of this Complaint as if set out in full herein.

146.     This is an action against R & L CARRIERS   for negligent retention.

147.     Defendant R & L CARRIERS employed Plaintiff CRISTOBAL MILLAN from approximately May 19, 2018, to May 27, 2022, or more than four years.

148.     Plaintiff was hired as a mechanic to work at R & L CARRIERS' service center located at 1000 NW 209th Avenue, Pembroke Pines, Florida 33029.

149.     During his employment with Defendant R & L CARRIERS, Plaintiff was forced to endure continued, unrelenting, abusive treatment at the hands of a co-worker named ALEJANDRO G. PARDIEZ.

150.     ALEJANDRO G. PARDIEZ (39 years old) harassed, insulted, assaulted, and battered Plaintiff CRISTOBAL MILLAN (62 years old) based on his age, on numerous occasions. This individual acted intentionally and/or recklessly in a manner calculated to inflict severe emotional distress upon Plaintiff.

151.    On or about July 02, 2021, Defendant's employee ALEJANDRO G. PARDIEZ was involved in an incident in which Plaintiff almost lost his life due to a gas propane leak. Someone intentionally opened a forklift tank valve in the area where Plaintiff was working. Plaintiff was severely affected, and he required medical attention. First responders were called to the workplace.

152.    Plaintiff reported to his superiors many times about the wrongful conduct of ALEJANDRO G. PARDIEZ.

153.    These complaints put Defendant on notice of ALEJANDRO G. PARDIEZ' violence and wrong behavior.

154.    Plaintiff exhausted all reasonable remedies to get help. However, Defendant R & L CARRIERS   did not take effective measures to stop ALEJANDRO G. PARDIEZ. Plaintiff's efforts to be safe, free of harassment and retaliation, and to keep his job were unavailing.

155.    Finally, on or about May 26, 2022, ALEJANDRO G. PARDIEZ, with a closed fist and wearing brass knuckles, hit Plaintiff in the left ribs, causing him a trunk-chest injury. Other workers intervened to stop the attack.

156.    Defendant ALEJANDRO G. PARDIEZ intended to cause and did cause Plaintiff harmful contact with his person in plain view of security cameras.

157.    In fear for his life, Plaintiff called 911. General Manager Jack Hernandez and Supervisor Anthony Tejada reprimanded Plaintiff because of his call.

158.    As a consequence of this incident, Defendant R & L CARRIERS suspended and terminated Plaintiff.

159.    R & L CARRIERS   owed Plaintiff CRISTOBAL MILLAN   a duty of care to

prevent and prohibit the unlawful, violent, hostile, intimidating, offensive, and demeaning work environment caused by its employee, such as the individually named ALEJANDRO G. PARDIEZ identified herein.

160.   This duty of care further includes the prohibition and elimination of any kind of harassment, discrimination, retaliation, and violence in Plaintiff's work environment.

161.   This duty also includes the proper investigation and background checks on employees and training employees concerning behavior and practices acceptable in the workplace.

162.   R & L CARRIERS   breached its duty by failing to take further action, such as complete investigations, discharge, or reassignments.

163.   Moreover, R & L CARRIERS   failed to have any adequate system for the investigation of Plaintiff's harassment, assault, and battery complaints and said complaints went unanswered and were not properly investigated.

164.   In light of Defendant ALEJANDRO G. PARDIEZ' unsuitability for employment, it was unreasonable for Defendant R & L CARRIERS to retain ALEJANDRO G. PARDIEZ as an employee.

165.   In short, R & L CARRIERS   stood by and watched the known abusive and violent practices complained of herein continue and failed to do anything about it. Despite the fact that actual or constructive knowledge of the events complained of herein,

166.   Defendant R & L CARRIERS   failed to investigate, failed to take action on complaints that were made, and failed to provide any remedial assistance to Plaintiff whatsoever.

167.   As a direct and proximate result of Defendant's negligence, Plaintiff has suffered

bodily injury and severe emotional distress, mental pain and suffering, embarrassment, and humiliation.

168.     Plaintiff has no plain, adequate, or complete remedy at law.   He is suffering and will continue to suffer irreparable injury in the form of psychiatric and psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, and past and future medical expenses.

Prayer For Relief

Wherefore, Plaintiff CRISTOBAL MILLAN   respectfully requests this Court:

A. Award Plaintiff CRISTOBAL MILLAN     judgment against Defendant R & L CARRIERS   for compensatory damages as determined by the trier of fact.

B. Award Plaintiff restitutionary damages, including back pay, front pay, and liquidated damages.

C. Enter Judgment for Punitive damages against Defendant R & L CARRIERS**.**

D. Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

Demand for a Jury Trial

Plaintiff CRISTOBAL MILLAN demands a trial by a jury of all issues triable as a right by a jury.

Dated:  November 22, 2022

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156

Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*